UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP OLIVER, | ) | CASE NO. 1:05CV1559 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| REPUBLIC ENGINEERED | ) | |
| PRODUCTS, et al., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Defendants' Motion (ECF DKT #11) to Dismiss Amended Complaint Pursuant to Civil Rule 12(b)(6) or, in the alternative, for a More Definite Statement Pursuant to Civil Rule 12(e). For the reasons that follow, Defendants' Motion to Dismiss is granted.

**I. BACKGROUND**

On June 6, 2005, *pro se* Plaintiff, Phillip Oliver, filed his handwritten Complaint, claiming Republic, Inc. should allow him to "upgrade" to a millwright position when others are "sick, on vacation or absent"; seeking "overtime equalization" for 2003 and 2004; and alleging that performing a job that his superior asked him to do "eventually led to my job loss".

On September 23, 2005, Plaintiff filed his "Amendment and Supplement to Civil Complaint Filed on June 6, 2005." The amended pleading purports to state a claim for relief

under Title VII of the Civil Rights Act of 1964 against Republic, Inc., five named individuals, and one hundred "John Does." Liberally reading the Amended Complaint, Plaintiff claims Defendants violated Title VII by (1) failing to allow Plaintiff to exercise his seniority right to work overtime in place of less senior employees; (2) racially discriminatory practices such as disallowing promotion and lying about the availability of the "Run-Out Leader" position; (3) denying Plaintiff overtime, bonus pay and straight day shift; (4) failing to take affirmative action to correct the alleged unlawful employment practices; and (5) limiting, classifying and discriminating against African-Americans" in ways which jeopardize and tend to deprive said persons of employment opportunities. . ."

On December 29, 2005, Defendants filed the instant Motion to Dismiss. On February 9, 2006, Plaintiff moved for an extension of time to file a memorandum in response. (ECF DKT #14). Pursuant to Local Rule 7.1(d), a responsive brief was due within thirty (30) days, plus an additional three (3) days for mailing. Under Fed. R. Civ. P. 6, a request for enlargement of time must be made before the expiration of the time allotted for response. Therefore, Plaintiff Oliver's motion for extension is untimely and will not be considered.

## II. LAW AND ANALYSIS

### Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint, and is designed to determine "whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988). For purposes of the motion, the court must presume that all factual allegations of the complaint are true and make all reasonable

inferences in favor of the nonmoving party. *Roth Steel Products v. Sharon Steel Co.*, 705 F. 2d 134, 155 (6th Cir. 1983). In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *Conley v. Gibson*, 357 U.S. 41, 45-46 (1957). The court is not required to accept unwarranted factual inferences or bare legal conclusions. *Begala v. PNC Bank, Ohio Nat'l Ass'n.*, 214 F. 3d 776, 779 (6th Cir. 2000); *Haas v. Quest Recovery Services, Inc.*, 338 F. Supp. 2d 797, 799 (N.D. Ohio 2004). In addition, although *pro se* pleadings are to be liberally construed, the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Glover v. Turner*, 2005 U.S. Dist. LEXIS 26836 at *3 (N.D. Ohio Nov. 7, 2005) (Judge Gwin) (unpublished).

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." The district court's power to grant motions to dismiss because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N. D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N. D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.*

The Amended Complaint sounds almost exclusively in alleged violations of Title VII of the Civil Rights Act of 1964, which makes it unlawful for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). At the pleading stage, a plaintiff is not required to allege facts to support a *prima facie* case of discrimination; but the elementary rules of notice pleading still govern. *Swierkiewicz v. Sorema*, 534 U.S. 506, 510-511 (2002); *Glover, supra* at *4. Other than broad, sweeping allegations of discriminatory practices, Plaintiff Oliver does not allege that he is himself African-American/Black; whether or not he is currently employed by Republic; exactly what adverse employment action was taken against him; when such action was taken; how it was motivated by a discriminatory animus related to Plaintiff's race; who the five individually-named defendants are; and what their respective roles at Republic and with regard to the alleged unlawful conduct would be.

### III. CONCLUSION

In the absence of even "bare bones" factual details, Plaintiff has not satisfied the requirement of Fed. R. Civ. P. 8(a) to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Most certainly, he has not met his burden of demonstrating a *prima facie* claim of discrimination under Title VII. His Amended Complaint does not allow Defendants to comprehend the charges lodged against them nor to formulate their defenses. Moreover, Plaintiff permitted the period to respond to the dispositive motion to lapse, without a timely request for an extension. By the authority granted under Local Rule 7.1(g), and pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e), Plaintiff Phillip Oliver's Amended Complaint is dismissed. Plaintiff Phillip

Oliver's Motion for Default (ECF DKT #12) is therefore moot.

IT IS SO ORDERED.

DATE: 8/16/06

_____
CHRISTOPHER A. BOYKO
United States District Judge